IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT CARUSO<br><br>v.<br><br>J&M WINDOWS, INC. | CIVIL ACTION<br><br>NO. 18-770 |

**Baylson J.**                                                                                                           **September 21, 2018**

## MEMORANDUM RE: MOTION TO DISMISS

In this case, Plaintiff Vincent Caruso alleges that J&M Windows, Inc. wrongfully terminated him from his sales representative position due to age-based discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

Presently before the Court is Defendant J&M's Motion to Dismiss without prejudice and proceed with arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4. (Def Mtn., ECF 8.) Defendant claims that Caruso signed an arbitration agreement that applies to his claim. Under the Supreme Court's decision in <u>Rent-A-Center, West, Inc. v. Jackson</u>, 561 U.S. 63 (2010), and the Third Circuit's decision in <u>South Jersey Sanitation Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.</u>, 840 F.3d 138 (3d Cir. 2016), J&M's motion is denied without prejudice and stayed pending arbitration.

### I.  Facts and Procedural History

Taking Plaintiff's allegations as true, the factual background is as follows. Caruso was hired by J&M Windows, Inc. in 2010 as a Senior Project Manager with the responsibilities of a sales representative. (Compl. ¶ 15, ECF 1.) On July 18, 2012, Caruso and J&M entered into a Sales Representative Agreement. (Def. Mtn., Ex. 2-A, ECF 8-2 at 23-35)(hereinafter "Agreement").

In 2012, Caruso was assigned a new supervisor, William Allen. (Compl. ¶ 16.) Allen and the other employees he supervised were, according to Caruso, "substantially younger than him." (Id.)

Caruso alleges Allen referred to him as an "old man" and commented that "people over the age of sixty (60) hold him back." (Compl. ¶ 18-19) When Caruso complained about this comment, Allen responded that he was not "one of those people." (Compl. ¶ 20.)

Caruso also asserts that beginning in 2013, he and other older sales representatives were given fewer and lower quality sales leads, and that he complained to Allen that this was due to age discrimination. (Compl. ¶ 21-23.) On or around May 2017, training manager David Welsh asked Caruso "Aren't you tired of doing this shit?" and told him that two older sales representatives who had left J&M were never good at doing their jobs. (Compl. ¶ 24-25.) When Caruso complained to Allen about this conversation, Allen told him that they were "just words." (Compl. ¶ 26.)

In August 2017, Caruso was assigned to a morning sales appointment in Wildwood, New Jersey, far from his Havertown, Pennsylvania home. (Compl ¶ 27.) After communicating via call and text message with Allen, Caruso states that he "understood Allen to be telling him not to worry about the appointment." (Compl. ¶ 28.) At a meeting three days later, Allen told Caruso that he "disrespected the lead" and that "it was left undone." (Compl. ¶ 29.) Caruso was fired four days later on or around August 29, 2017, at the age of sixty-nine. (Compl. ¶ 2, 31.)

Caruso filed a claim with the EEOC on September 25, 2017 and was given a Right to Sue letter on November 28, 2017. (Def. Mtn. Ex. 1.) His federal claim, alleging discrimination and retaliation under the ADEA, was filed filed in federal court on February 22, 2018. (Compl.)

## II. Legal Standard

The FAA, which governs the arbitration and arbitrability of disputes, provides that as a matter of federal law, "[a] written provision" in a commercial contract evidencing an intention to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Because the FAA is reflective of a strong federal policy favoring arbitration, courts must "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). The FAA places arbitration agreements

on equal footing with respect to other contracts; therefore, arbitration agreements can be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).

In Rent-A-Center, the Supreme Court held that when a party challenges an arbitration agreement as a whole, rather than specifically contesting the delegation of authority to the arbitrator, the enforceability and applicability of the arbitration clause are to be decided by the arbitrator. 561 U.S. at 72. The Third Circuit relied on Rent-A-Center in its decision in South Jersey Sanitation, 840 F.3d 138 (3d Cir. 2016). There, the Court held that, notwithstanding the plaintiff's characterization of his argument as a challenge to the agreement to arbitrate specifically, plaintiff had actually challenged the contract as a whole. 840 F.3d at 144. Therefore, the Court enforced the agreement to arbitrate, holding that the gateway issue of arbitrability was for the arbitrator to decide, as provided by the agreement. Id. at 143-144.

Two recent cases decided by this Court applied the principles of S. Jersey Sanitation and Rent-A-Center. In Pocalyko v. Baker Tilly Virchow Crouse, LLP, defendant's motion to dismiss to proceed to arbitration was granted because neither of the arguments made by the plaintiff challenged the agreement to arbitrate issues of arbitrability. CV 16-3637, 2016 WL 6962875 at *4 (E.D. Pa. Nov. 29, 2016). This Court held that a party challenging an arbitration provision as unconscionable must specifically argue the unconscionability of the particular provision of the agreement committing issues of arbitrability to the arbitrator. Id. Similarly, in Davis v. Uber Techs., Inc., this Court granted defendant's motion to dismiss when Plaintiff did not "specifically challenge[] the unconscionability of the delegation clause that reserves the power to decide gateway issues of arbitrability to the arbitrator." No. CV 16-6122, 2017 WL 3167807 at *5 (E.D. Pa. July 25, 2017). In so holding, we analyzed Plaintiff's challenge to the unconscionability of the contract as a whole and the scope of the arbitration provision, finding that neither specifically addressed the delegation clause. Id. at *3-4.

3

**III. Discussion**

    **a. The gateway issue of arbitrability of this dispute**

Our initial determination is whether, under Rent-a-Center, this Court should decide the gateway issue of arbitrability before compelling arbitration, given that Plaintiff argues that the arbitration provision invalid.

An agreement to arbitrate the gateway issue of arbitrability is "simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional agreement just as it does on any other." Rent-A-Ctr., 561 U.S. at 70. For example, in Rent-a-Center, this type of agreement was evidenced by a delegation provision giving the arbitrator the "exclusive authority to resolve any dispute relating to the … enforceability … of this [a]greement." Id. at 71.

Here, there are two relevant clauses within the arbitration provision at § 20 of the Sales Representative Agreement. The first clause of the arbitration provision defines "claim" as "any and all disputes, claims, or controversies… arising under or relating to this agreement, including by way of example and not as a limitation… the validity of this agreement or the validity or enforceability of this arbitration provision." (Agreement at 29-30.) The second and fifth paragraphs of § 20 together state that:

> Any Claim may, at the option of either Company or Employee, be adjudicated by final and binding arbitration….
>
> Both company and employee are hereby agreeing to choose arbitration, rather than litigation or some other means of dispute resolution to address their grievances or alleged grievances with the expectation that this resolution process may be more cost-effective and expedient for the parties than litigation. By entering into this agreement and this arbitration provision, both parties are giving up their constitutional right to have any dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

(Id.) The language of this arbitration provision is similar to the quoted language of the delegation provision of the contract at issue in Rent-a-Center, which the Supreme Court found properly delegated the issue of arbitrability to the arbitrator.

The language of the arbitration provision of the Sales Representative Agreement plainly commits authority over gateway issues such as arbitrability to the arbitrator. As a result, under Rent-a-Center, it is severable from the rest of the contract. Unless Plaintiff's challenge focuses on the severed arbitration provision, and more specifically on the clause delegating issues of arbitrability to the arbitrator, these gateway issues must be delegated to an arbitrator. Rent-A-Ctr., 561 U.S. at 70-71; Pocalyko, 2016 WL 6962875 at *5; Davis, 2017 WL 3167807 at *5. As discussed below, we find that Plaintiff's challenges do not relate to the specific issue of arbitrability, and therefore they are matters for the arbitrator to decide.

Plaintiff makes three arguments; one challenges the Sales Representative Agreement generally and the other two challenge the arbitration provision specifically. Caruso contends that the Sales Representative Agreement is invalid because there is no consideration where J&M "specifically states in the Agreement that it is *not* bound by arbitration regarding certain claims that it could bring against its employees, i.e. violations of the restrictive covenant sections of the Agreement." (Pl. Resp. 8, ECF 11)(emphasis in original). With regard to the arbitration provision, he contends that the language that a claim "may, at the option of either Company or Employee, be adjudicated by final and binding arbitration" does not mandate arbitration, but instead makes arbitration optional. (Pl. Resp. 5-8.) Caruso also argues that the arbitration clause is unconscionable because (1) it "forces Plaintiff to give up the rights and remedies to which he is entitled in Court," namely in that it imposes a six month statute of limitations on employment claims; (2) the contract is one "of adhesion" because Defendant drafted it and is its primary beneficiary; (3) it includes "language that unreasonably favors Defendant" in that it does not bind the Defendant to arbitrate its claims; and (4) it "puts the burden of fees and costs of the arbitration equally on both parties." (Pl. Resp. 9-15.)

None of these arguments address the delegation of arbitrability specifically. Plaintiff's consideration argument concerns the contract as a whole and accordingly pursuant to Rent-A-Center, must be determined by the arbitrator. His argument regarding the optional nature of arbitration, although targeted at the arbitration provision specifically, does not address the delegation of his dispute to the arbitrator. In making out his unconscionability argument, Plaintiff he does not specifically address the clauses mandating that issues regarding arbitrability will be decided by the arbitrator. As such, these arguments are reserved for the arbitrator.

Under Rent-a-Center and South Jersey Sanitation, unless a party specifically challenges the unconscionability of the delegation of the gateway issue of arbitrability to the arbitrator, then this issue should be reserved for the the arbitrator. See Pocalyko, 2016 WL 6962875 at *5; Davis, 2017 WL 3167807 at *5. Applying this animating principle to the instant case, because the arbitration provision of the Sales Representative agreement plainly commits the issue of arbitrability to the arbitrator, and because none of Plaintiff's challenges focus exclusively on this delegation, arbitration must be compelled.

### b. Defendant has not waived its right to arbitrate

Caruso additionally argues that J&M has waived its right to arbitrate as it did not move to arbitrate during the six months of the EEOC process. (Pl. Resp. 19-20.) J&M responds by stating that it timely requested arbitration of the claim on May 21, 2018, less than a month after the Complaint was filed. (Def. Reply 8.) Defendant also states that it "could not have known whether Mr. Caruso intended to file a claim in federal court after exhausting his administrative remedies, and thus, had no reason to demand arbitration during that time period." (Id.)

Each party contends that the factors used to evaluate waiver, as set out in Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992), support its case:

> A determination of prejudice… relevant to a finding of waiver of the right to arbitrate thus incorporates not only the timeliness or lack thereof of a motion to arbitrate but also the degree to which the party seeking to compel arbitration has

> contested the merits of its opponent's claims; whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; the extent of its non-merits motion practice; its assent to the district court's pretrial orders; and the extent to which both parties have engaged in discovery.

Id. at 926–27. In Hoxworth, the Third Circuit explained that "prejudice is the touchstone for determining whether the right to arbitrate has been waived." Id. at 925. The prejudice claimed in Hoxworth has been characterized as "both substantive prejudice and prejudice resulting from the unnecessary delay and expense incurred by the plaintiffs as a result of the defendants' belated invocation of their right to arbitrate." Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 224 (3d. Cir. 2007).

According to the timeline provided by Plaintiff in his Complaint and brief, he filed his EEOC charge on or about September 25, 2017, and was issued a Right to Sue letter on or about November 28, 2017. (Compl. ¶ 12-13.) Defendant's former counsel was allegedly copied on the Notice of Right to Sue. (Pl. Resp. 15.) Caruso filed his Complaint in this Court nearly three months later, on February 22, 2018. (Compl.) Caruso claims that J&M did not raise the issue of arbitration until filed its Answer on May 21, 2018. (Answer) (ECF 4.) Defendant's motion to dismiss was filed on June 6, 2018, just over two weeks after its Answer. (Def. Mtn.)

Although Plaintiff claims that he was prejudiced by Defendant's failure to move for arbitration during his EEOC process, he has not demonstrated that he has suffered any prejudice in this delay. In Hoxworth, the defendants "participated in numerous pretrial proceedings during the more than eleven months before [they] moved to compel arbitration," including filing a motion to dismiss, participating in discovery, and filing a "length memorandum" objecting to plaintiff's motion for class certification. 980 F.2d at 926. Unlike those defendants, J&M did not participate in any pretrial proceedings before moving for arbitration, which it did quickly after answering the Complaint. Accordingly, Defendants have not waived their right to arbitrate this matter.

### c. Plaintiff's claims will be stayed pending arbitration

Finally, Defendant requests that the action be dismissed without prejudice to plaintiff's right to proceed to arbitration. (Def. Mtn. 12-13.) Plaintiff urges this Court to stay the claim pending arbitration, citing Lloyd v. HOVENSA, LLC., 369 F.3d 263, 269 (3d Cir. 2004) ("The plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration.") In view of Lloyd, we will place this case in suspense pending arbitration.

## IV. Conclusion

For the foregoing reasons, J&M's Motion to Dismiss is denied without prejudice and stayed pending arbitration.

O:\CIVIL 18\18-770 Caruso v J&M Windows\18cv770 MTD Memo.docx